**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Longale, | No. CV-18-00024-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

This matter was referred to Magistrate Judge Bruce G. Macdonald, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1(a). He issued a Report and Recommendation (R&R) on August 20, 2019. (R&R (Doc. 18)). He recommends remanding the case to the Administrative Law Judge (ALJ) for further proceedings on Plaintiff's Application for Supplemental Social Security Income.

STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R of a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C.

§ 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also*, Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). To date, no objections have been filed.

REPORT AND RECOMMENDATION

Plaintiff Longale alleges an onset date of disability of October 15, 2012. The ALJ made his decision at step five of the sequential evaluation process for assessing a claim of disability. At step one, the ALJ determined the Plaintiff was not doing substantial gainful activity. (R&R (Doc. 18) at 23.) At step two, the ALJ found Plaintiff has the following impairments: anxiety disorder, attention-deficit/hyperactivity disorder, and alcohol and substance abuse disorder. *Id.* At step three, the ALJ found the Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments and determined he has the residual functional capacity (RFC) to perform a full range of work at all exertional levels, except for non-exertional limitations. *Id.* at 23-24. He is limited to "performing only simple, routine tasks; cannot perform such tasks in a fast-paced production environment; is limited to only occasional interaction with supervisors and coworkers, and further limited to brief, intermittent, and superficial public contact; and can attend and concentrate in 2-hour blocks of time throughout an 8-hour workday with the customary 10 to 15 minute break and 30 to 60 minute lunch break period." *Id.* At step four, "the ALJ found that the claimant is unable to perform any past relevant work, but at step five, the ALJ found that after '[c]onsidering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).'" *Id.* at 24 (citing AR at 63)). Accordingly, the ALJ found the Plaintiff is not disabled and denied him benefits.

The Magistrate Judge found that the ALJ erred by failing to mention Plaintiff's diagnosis of schizoaffective disorder and failing to adequately articulate reasons for discounting Plaintiff's symptom testimony. This error called into question the ALJ's RFC calculation. The Magistrate Judge found the ALJ consistently relied on a conclusory finding of lack of credibility followed by a summary of the medical record and, therefore, failed to identify specific reasons for discrediting the Plaintiff's testimony regarding the severity of his symptoms. Because the record was not clear whether the ALJ would be required to award benefits, the Magistrate Judge recommended remand on an open record, with instruction to reassess Plaintiff's symptom testimony and account for all medical diagnoses. *Id.* at 30-31.

Pursuant to 28 U.S.C. § 636(b), this Court makes a *de novo* determination as to those portions of the R&R to which there are objections. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings and recommendations to which objection is made.") To the extent that no objection has been made, arguments to the contrary have been waived. *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir. 1980) (failure to object to Magistrate's report waives right to do so on appeal); see also, Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974) (when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation).

Here, there are no objections and review has been waived, nevertheless, the Court nev reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed de novo); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law, but is a factor in considering the propriety of finding waiver)). The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact. *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989)

(*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) (providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law). The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated in the R&R, the Court remands this case to the ALJ for further consideration as recommended by the Magistrate Judge.

**Accordingly**,

**IT IS ORDERED** that the Report and Recommendation [Doc. # 18] is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** remanding this case for further administrative proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

Dated this 9th day of September, 2019.

Honorable David C. Bury
United States District Judge